HARRY A. DOCKUM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3874.   Promulgated March 16, 1928.

*Albert A. Jones, Esq.*, *Vincent A. Smith, C. P. A.* and *Charles A. Smith, C. P. A.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

40

OPINION.

SIEFKIN: The sole question in this case is whether the respondent erred in including in income of the petitioner in 1919 the amount of $35,769.77.

Section 201(c) of the Revenue Act of 1918 provides:

A dividend paid in stock of the corporation shall be considered income to the amount of the earnings or profits distributed. Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits.

The respondent relied upon this section and included in the petitioner's income for 1919 the above amount as a liquidating dividend from The Dockum Drug Co.

The petitioner contends that if income was realized by the petitioner as a result of this transaction it was realized in 1918 instead of 1919.

An informal meeting of the stockholders of The Dockum Drug Co. was held on December 28, 1918, at which time it was resolved to dissolve the corporation. Two of the stockholders assigned their shares of stock to the petitioner on this day, the wife of the petitioner assigned her one share to the petitioner on December 30, 1918, and all of the transfers were recorded on the books on December 31, 1918. The petitioner, although he did not know the exact value of the assets which he acquired, took over all the assets, assumed the

liabilities, and before the close of the year 1918 began operating the business as "Dockum Drug Co., Harry A. Dockum, owner."

No minutes of the meeting were kept, but as stated in *Reub Isaacs & Co., Inc.*, 1 B. T. A. 45, this is not necessary to constitute legal action by a corporation. In that case we stated:

Closely held corporations, as is well known, act very much like partnerships, their decisions being made in conversations, and oftentimes recorded not in the minutes, but by action. To this condition the attention of the courts has been called, and the position that a corporation can act through its directors informally without written minutes or formal resolutions, and the acts of its directors effected pursuant to oral understanding are as binding as though sanctified by the most rigid adherence to legal formality, has been sustained.

The respondent relies upon the decisions in *S. B. Quigley*, 2 B. T. A. 1259, and *S. D. Sutliff*, 4 B. T. A. 1068, but both of these cases hold that income is realized at the time the business is actually taken over by a stockholder, irrespective of the time when notice of dissolution is given or the time when the corporation ceases to exist. In *S. D. Sutliff*, *supra*, we stated:

The adoption by the stockholders of a resolution of dissolution is not in every case conclusive proof that they thereupon realize a gain or sustain a loss. They may or they may not receive a liquidating dividend on the date of the dissolution resolution, or when it is properly recorded. In most cases at least this is a question of fact.

Section 17–801, R. S. Kansas, Annotated, 1923, provides:

VOLUNTARY DISSOLUTION—Any corporation that has liquidated its obligations may be dissolved by vote of the stockholders, as provided in Sec. 17 of this act; the resolution of dissolution shall state that the corporation has no outstanding indebtedness. Upon the filing of a copy of such resolution, certified by the President and Secretary, in the office of the Secretary of State, the corporation shall cease to exist.

On January 2, 1919, notice of the dissolution was mailed to the Secretary of State and he entered it of record on January 6, 1919.

The fact that the corporation did not go out of existence until notice was given has no bearing upon the case. The corporation could not have transferred its assets after it ceased to exist.

We find that the petitioner acquired the assets of the corporation before January 1, 1919, and any income which the petitioner may have realized as a result of that transaction accrued in 1918.

*Judgment will be entered upon 15 days' notice, under Rule 50.*